UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GENEVIE ILENE MALEY and HOLLY DROWLEY | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO: 1:15-CV-00394 |
| v. | § § | |
| MINNESOTA LIFE INSURANCE COMPANY, | § § § | |
| Defendant. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Genevie Ilene Maley and Holly Drowley ("Plaintiffs") file this Original Complaint against Minnesota Life Insurance Company ("Defendant") and respectfully request the Court enter judgment in their favor and award them all damages, fees, interest, and costs recognized at law or in equity. Plaintiffs would respectfully show the Court the following:

### I. PARTIES

1. Plaintiff Genevie Ilene Maley is an individual residing in Travis County, Texas.

2. Plaintiff Holly Drowley is an individual residing in Clark County, Nevada.

3. Defendant Minnesota Life Insurance Company is a Minnesota company doing business in Texas and may be served with process through its registered agent CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

### II. JURISDICTION & VENUE

4. **Diversity Jurisdiction --** This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000. Specifically, Plaintiff, Genevie Ilene Maley is a

resident of Texas, Plaintiff Holly Drowley is a resident of Nevada and Defendant has its principal place of business in St. Paul, Minnesota.

5. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because a substantial part of the events and omissions giving rise to this case occurred in this district. Plaintiff, Genevie Ilene Maley negotiated and executed the agreement made basis of this lawsuit in Travis County, Texas. Complete diversity exists between the parties to this lawsuit.

### III. BACKGROUND FACTS

6. Brock W. Maley obtained insurance with Defendant under Minnesota Life Insurance Company Policy No. 34234 on behalf of Dell USA. After the death of Brock Maley, a dispute arose as to who the proper beneficiary of his life insurance policy was – his ex-wife, Genevie Ilene Maley, or his sister, Holly Drowley. Brock Maley died in Travis County, Texas.

7. A Release and Settlement Agreement (the "Agreement") was reached between Plaintiffs and Defendant regarding the payout of the policy limits by Defendant, the terms of which are confidential and the Agreement is filed herewith under seal as **Exhibit A**. Defendant drafted this Agreement, and sent it to the Plaintiffs on June 30, 2014, asking that Plaintiffs sign it. In short, the Agreement stated that in exchange for a release of all claims held by Plaintiffs, Defendant agreed to pay Plaintiffs the sum of $170,000.00. Plaintiffs executed the Agreement on that same day and delivered it to Defendant.

8. Subsequent to the signing and delivery of the executed Agreement, however, Defendant notified Plaintiffs that it would not be making the payout under the Agreement. As of the time of this filing, Defendant has failed to make the payment as promised under the terms of the Agreement.

### IV. COUNT ONE – BREACH OF CONTRACT

9. Plaintiffs incorporate and re-allege paragraphs 1-8 above.

10. Plaintiffs and Defendant entered into a valid, enforceable contract. Plaintiff performed their respective obligations under the Agreement. Defendant's actions amount to a breach of the contract between Plaintiffs and Defendant.

11. Plaintiffs and Defendant entered into an agreement by which the parties settled all disputes between them, determined the settlement amount, and to whom such funds should be paid. Defendant breached that agreement by failing to pay Plaintiffs in the amount required under the Agreement.

12. Plaintiffs have suffered damages as a result of this breach. Plaintiffs are entitled to recover their actual damages, court costs and reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001, et seq.

### V. COUNT TWO-CLAIM PURSUANT TO UNIFORM DECLARATORY JUDGMENTS ACT

13. Plaintiffs also plead a claim under the Uniform Declaratory Judgments Act pursuant to TEX. CIV. PRAC. & REM. CODE 37.000 et seq. Plaintiffs seek the court to declare the rights, status, and other legal relations of the parties to the Release and Settlement Agreement attached hereto as Exhibit A. TEX. CIV. PRAC. & REM. CODE 37.002(b). In particular, Plaintiffs request the Court to declare the Agreement enforceable, supported by consideration and afford effect to the Agreement, awarding the damages sought herein. Plaintiffs invoke the Uniform Declaratory Judgments Act and seeks attorneys' fees under said statute.

### VI. ATTORNEYS' FEES

14. As a result of Defendant's conduct described hereinabove, it has become necessary to retain the undersigned attorneys. Such attorneys' fees are recoverable under the

provisions of Section 38.001 *et seq.* of the Texas Civil Practice and Remedies Code and/or pursuant to the Uniform Declaratory Judgments Act, TEX. CIV. PRAC. & REM. CODE 37.000 et seq.

## VII. CONCLUSION AND PRAYER

Plaintiffs pray that upon final trial of this case they have judgment against Defendant for specific performance of the Agreement, actual damages, reasonable and necessary attorney's fees for prosecution of this case at trial and on appeal, pre-judgment and post-judgment interest, and such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

/s/ Scott F. DeShazo
Scott F. DeShazo
  State Bar No. 24011414
sdeshazo@dnaustin.com
Thomas A. Nesbitt
  State Bar No. 24007738
tnesbitt@dnaustin.com
Rachel L. Noffke
  State Bar No. 24007754
rnoffke@dnaustin.com
DeShazo & Nesbitt L.L.P.
809 West Avenue
Austin, Texas 78701
512/617-5560
512/617-5563 (Fax)

**COUNSEL FOR PLAINTIFF GENEVIE ILENE MALEY AND HOLLY DROWLEY**