**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| GENEVIE ILENE MALEY and | § | |
| HOLLY DROWLEY | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO: 1:15-CV-00394-LY |
| v. | § | |
| | § | |
| MINNESOTA LIFE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT

Plaintiffs Genevie Ilene Maley and Holly Drowley ("Plaintiffs") file this First Amended Original Complaint against Minnesota Life Insurance Company ("Defendant") and respectfully request the Court enter judgment in their favor and award them all damages, fees, interest, and costs recognized at law or in equity.  Plaintiffs would respectfully show the Court the following:

### I. PARTIES

1.     Plaintiff Genevie Ilene Maley is an individual residing in Travis County, Texas.

2.     Plaintiff Holly Drowley is an individual residing in Clark County, Nevada.

3.     Defendant Minnesota Life Insurance Company is a Minnesota company doing business in Texas and has answered.

### II. JURISDICTION & VENUE

4.     **Diversity Jurisdiction --** This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000. Specifically, Plaintiff, Genevie Ilene Maley is a

resident of Texas, Plaintiff Holly Drowley is a resident of Nevada and Defendant has its principal place of business in St. Paul, Minnesota.

5.      Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because a substantial part of the events and omissions giving rise to this case occurred in this district. Plaintiff, Genevie Ilene Maley negotiated and executed the agreement made basis of this lawsuit in Travis County, Texas.   Complete diversity exists between the parties to this lawsuit.

### III. BACKGROUND FACTS

6.      Brock W. Maley obtained insurance with Defendant under Minnesota Life Insurance Company Policy No. 34234 on behalf of Dell USA.  After the death of Brock Maley, a dispute arose as to who was the proper beneficiary of his life insurance policy proceeds.  At different times, Mr. Maley had designated different beneficiaries to the life insurance policy. The competing beneficiaries to the policy proceeds were his surviving spouse, Ilene Maley, and his sister, Holly Drowley.  Brock Maley died in Travis County, Texas on January 19, 2014.

7.      In order to effectuate a resolution of the dispute between the parties, Defendant negotiated and drafted a Release and Settlement Agreement (the "Agreement").  A settlement was reached between Plaintiffs and Defendant regarding the payout of the policy limits by Defendant, the terms of which are confidential and the Agreement has previously been filed under seal in this case and is incorporated by reference.  Defendant drafted this Agreement, and sent it to the Plaintiffs on June 30, 2014, asking that Plaintiffs sign it.  In short, the Agreement stated that in exchange for a release of all claims held by Plaintiffs, Defendant agreed to pay Plaintiffs the sum of $170,000.00.  The proceeds were to be split evenly between the Plaintiffs. Plaintiffs executed the Agreement on that same day and delivered it to Defendant.

8.      Subsequent to the signing and delivery of the executed Agreement, however, Defendant notified Plaintiffs that it would not be making the payout under the Agreement. Defendant has failed and continues to fail to honor the terms of its own agreement.  As of the time of this filing, Defendant has failed to make the payment as promised under the terms of the Agreement.

#### IV. COUNT ONE – BREACH OF CONTRACT

9.      Plaintiffs incorporate and re-allege paragraphs 1-8 above.

10.      Plaintiffs and Defendant entered into a valid, enforceable contract.  Plaintiff performed their respective obligations under the Agreement.  Defendant's actions amount to a breach of the contract between Plaintiffs and Defendant.

11.      Plaintiffs and Defendant entered into an agreement by which the parties settled all disputes between them, determined the settlement amount, and to whom such funds should be paid.  Defendant breached that agreement by failing to pay Plaintiffs in the amount required under the Agreement.

12.      Plaintiffs have suffered damages as a result of this breach.  Plaintiffs are entitled to recover their actual damages, court costs and reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001, et seq.

#### V.  COUNT TWO-CLAIM PURSUANT TO UNIFORM DECLARATORY JUDGMENTS ACT

13.      Plaintiffs also plead a claim under the Uniform Declaratory Judgments Act pursuant to TEX. CIV. PRAC. & REM. CODE 37.000 et seq.  Plaintiffs seek the court to declare the rights, status, and other legal relations of the parties to the Release and Settlement Agreement previously filed under seal in this cause..  TEX. CIV. PRAC. & REM. CODE 37.002(b).   In particular, Plaintiffs request the Court to declare the Agreement enforceable, supported by

consideration and afford effect to the Agreement, awarding the damages sought herein. Plaintiffs invoke the Uniform Declaratory Judgments Act and seeks attorneys' fees under said statute.

### V.  COUNT THREE- ALTERNATIVELY, IMPROPER DENIAL OF BENEFITS UNDER ERISA

14.    Alternatively, pursuant to the Court's order and to the extent this Court determines that these causes of action are pre-empted by ERISA (which Plaintiffs dispute), Plaintiffs bring a claim for improper denial of benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1133.    Brock V. Maley ("Insured") by virtue of his employment with Dell USA L.P. ("Employer") had life insurance coverage under an employee welfare benefit plan ("Plan") established by Employer to benefit its employees that was funded by Group Policy No. 34234 (the "Group Policy") underwritten by Minnesota Life.  The Insured at different times designated Maley and/or Drowley as beneficiaries of his life insurance coverage under the Group Policy. Brock Maley died in Travis County, Texas on January 19, 2014.  Subsequent to his death, Plaintiffs properly made a claim for benefits and have exhausted the plan's administrative appeals process.  Plaintiffs are entitled to a particular benefit under the plan's terms and Plaintiffs were denied that benefit.

### VI. ATTORNEYS' FEES

15.    As a result of Defendant's conduct described hereinabove, it has become necessary to retain the undersigned attorneys.  Such attorneys' fees are recoverable under the provisions of Section 38.001 *et seq.* of the Texas Civil Practice and Remedies Code and/or pursuant to the Uniform Declaratory Judgments Act, TEX. CIV. PRAC. & REM. CODE 37.000 et seq.

**VII. CONCLUSION AND PRAYER**

Plaintiffs pray that upon final trial of this case they have judgment against Defendant for specific performance of the Agreement, actual damages, reasonable and necessary attorney's fees for prosecution of this case at trial and on appeal, pre-judgment and post-judgment interest, and such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,


/s/ Scott F. DeShazo
Scott F. DeShazo
  State Bar No. 24011414
sdeshazo@dnaustin.com
Thomas A. Nesbitt
  State Bar No.  24007738
tnesbitt@dnaustin.com
Rachel L. Noffke
  State Bar No. 24007754
rnoffke@dnaustin.com
DeShazo & Nesbitt L.L.P.
809 West Avenue
Austin, Texas  78701
512/617-5560
512/617-5563 (Fax)

**COUNSEL FOR PLAINTIFFS
GENEVIE ILENE MALEY AND HOLLY
DROWLEY**

5

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 8th day of October, 2015, a true and correct copy of the foregoing document was forwarded via the Court's ECF system to the following counsel of record:

Amanda Sotak
Figari + Davenport, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
amanda.sotak@figdav.com
Fax: 214-939-2090


/s/ Scott F. DeShazo_____
Scott F. DeShazo