## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **GENEVIE ILENE MALEY, et al.** | § | |
| | § | |
| **VS.** | § | **A-15-CV-394-LY** |
| | § | |
| **MINNESOTA LIFE INSURANCE CO.** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before this Court are Defendant's Motion for Attorney's Fees (Dkt. No. 29) and Plaintiffs' Objection to Defendant's Motion for Attorney's Fees (Dkt. No. 32). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## I. GENERAL BACKGROUND

Brock Maley, the decedent, was insured under a life insurance policy purchased by his employer, Dell USA. The policy was underwritten by Defendant Minnesota Life Insurance Company. The plan at issue provided for $85,000 in basic life insurance benefits and $85,000 in supplemental benefits. All parties agree that the plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

At different times, Brock Maley had listed either Genevie Ilene Maley or Holly Drowley, Plaintiffs, as beneficiaries of the plan. But, at the time of his death, Drowley was listed as the sole beneficiary. Both Maley and Drowley filed for the benefits, and Minnesota Life notified the plaintiffs of their competing claims. Drowley and Maley subsequently came to an agreement to split the benefits equally with each receiving $85,000. After Maley and Drowley had signed the

settlement agreement, Minnesota Life realized that the supplemental life benefits were not payable to the beneficiaries due to an ERISA provision. It is undisputed that Brock Maley had committed suicide within two years of the effective date, so ERISA prohibited the payment of the supplemental life insurance benefits. Minnesota Life then altered the settlement agreement to include only the basic life insurance benefits. Maley and Drowley agreed to split the remaining $85,000, but then brought suit to recover the supplemental life insurance benefits. They asserted a breach of contract claim on the original settlement agreement. The court found that Maley and Drowley's claims were preempted by ERISA, and entered a judgment in favor of Minnesota Life. Dkt. No. 27. Minnesota Life now brings this claim for attorney's fees under 29 U.S.C. § 1132(g)(1).

## II. ANALYSIS

ERISA provides that: "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow reasonable attorney's fees and costs of action to either party." 29 U.S.C. § 1132(g)(1). Any party who has achieved "some degree of success on the merits" may request attorney's fees, not merely the "prevailing party." *Hardt v. Reliance Std. Life Ins. Co.*, 560 U.S. 242, 255 (2015). This success cannot be mere "trivial success on the merits" or a "purely procedural victor[y]." *Id.* (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 686 (1983)). Instead, the party satisfies this standard when "the court can fairly call the outcome of the litigation some success on the merits without conducting a 'lengthy inquir[y] into the question whether the particular party's success was substantial or occurred on a central issue.'" *Id.* (quoting *Ruckelshaus*, 463 U.S. at 688). Here, the parties agree that the judgment qualifies as "some degree of success on the merits" for Minnesota Life.

However, the parties disagree on whether the five factors from *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255 (5th Cir. 1980), should be applied to determine if Minnesota Life is entitled to attorney's fees. In *Hardt*, the Supreme Court stated that the *Bowen* factors "bear no obvious

2

relation to § 1132(g)(1)'s text or to our fee-shifting jurisprudence" and that courts are not required to address the factors in determining awards of attorney's fees.  *Id.* at 255.  However, the "factors are discretionary."  *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 847 (5th Cir. 2013).  Courts are not required to assess the *Bowen* factors, but many find it helpful to do so. *See, e.g.*, *Johnson v. United Healthcare of Tex., Inc.*, 167 F. Supp. 3d 825, 834 (W.D. Tex. 2016) (applying the Bowen factors);  *Rhea v. Alan Ritchey, Inc.*, No. 4:13-CV-00506, 2015 WL 4776115 (E.D. Tex. Aug. 12, 2015) (same);  *Rossi v. Precision Drilling Oilfield Servs. Corp.*, No. A-10-CV-841, 2013 WL 12113201 (W.D. Tex. July 26, 2013) (same).

In *Bowen*, the court named five factors that a court should look to when determining whether to award attorney's fees in an ERISA action.  The factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Bowen*, 624 F.2d at 1266.  "No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address. . . ." *Id.*  Moreover, these factors are not exclusive, and a court is free to address other concerns.  *Id.* at 1266-67;  *see also Hardt*, 560 U.S. at 256 (noting that courts have discretion in awarding attorney's fees).

This Court agrees with Maley and Drowley that the factors weigh against the award of attorney's fees in this case.  First, there is no evidence that the plaintiffs filed this suit in bad faith. Maley and Drowley believed that the original settlement agreement controlled payment of the benefits.  The fact that the claims were preempted does not create bad faith on the part of the

plaintiffs.  The second factor also weighs heavily against awarding attorney's fees to Minnesota Life as individual plaintiffs are unlikely to be able to satisfy an award of fees.  The third and fourth factors also weigh against awarding attorney's fees to Minnesota Life.  Minnesota Life did not seek to benefit all participants and beneficiaries in its defense of the claim, and the suit did not resolve a significant legal question.  Moreover, there is no indication that a fee award here would deter other plaintiffs acting in similar circumstances.  *See Johnson*, 167 F. Supp. 3d at 834.  Although ultimately Minnesota Life prevailed here, plaintiffs had good faith arguments for their position.  Thus, though the fifth factor weighs slightly in favor of awarding fees, the other factors weigh against it. Accordingly, a discretionary award of attorney's fees is not warranted in this case.

### III. RECOMMENDATIONS

For all of the reasons set forth above the undersigned **RECOMMENDS** that the District Court **DENY** Defendant's Motion for Attorney's Fees (Dkt. No. 29).

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

4

District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 10th day of November, 2016.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE